**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernard WEIGEL, Defendant–**
**Appellant.**

No. 03–2840.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 28, 2004.

Decided Feb. 10, 2004.

Stephen B. Clark, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Stephen C. Williams, Belleville, IL, for Defendant–Appellant.

Before MANION, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Bernard Weigel was on supervised release when he became involved in a domestic dispute with his wife. The district court found that he had committed domestic battery, revoked his supervision, and sentenced him to eleven months in prison.

When rendering his decision, the judge rejected Weigel's claim of self-defense and noted his failure to tell police his version of events immediately after the incident. Weigel now argues that the court impermissibly construed his silence as substantive evidence of his guilt.

Weigel and his wife, Crystal, were drinking "Mad Dog" fortified wine at the home of Crystal's father when an argument arose concerning Crystal's uncle, who had been convicted along with Weigel of conspiracy to manufacture methamphetamine. At some point the argument became physical, and although Weigel and Crystal later presented different versions of events, both agreed that he struck her and she bit him. A petition for revocation of supervised release was filed alleging that Weigel had committed domestic battery in violation of the terms of his supervision, and a hearing was held.

Crystal testified that in the midst of their argument Weigel had walked out of the house to the driveway with a telephone. When she followed to retrieve the phone, Weigel struck her on her forehead (she was uncertain whether with his hand or the phone), she fell to the ground, and Weigel continued to hit her in the back of her head until she reached up and bit him on the chest. He then got in his car and drove off, breaking a beer bottle in the middle of the street as he did so. Crystal submitted photographs to the court of injuries to her face, head, and arms.

Officer Eric Bailey of the Cahokia Police Department found Crystal lying in bed when he responded to a domestic disturbance call. Bailey testified that while Crystal was being treated for injuries to her face, head, and arms she told him that Weigel had thrown a phone at her face and punched her several times. Weigel called the house while Bailey was still there and told the officer that he had departed be-

fore things got serious. Bailey asked Weigel to meet him at the police station to tell his side of the story, but despite saying that he could do so either that night or the next day, Weigel never did.

When Weigel related his version of events in court, he conceded that he and Crystal had been drinking and had gotten into an argument. After yelling at each other for 30 minutes, he continued, he called his mother to let her know that he was going to leave. The call seemed only to anger Crystal further, for when he departed her father's house, she threw an object–presumably a bottle–at his car. When the bottle didn't break, Crystal became more enraged and began hitting Weigel in the head as he entered his car and tried to escape. His car's ignition, however, was broken, and the car would start only with a screwdriver. When Weigel reached over to grab one that he kept on the front seat for just such a purpose, Crystal leaned into the car through the open driver's side door and bit him below his left collarbone. Weigel struck Crystal three or four times in order to get away, but once she stopped biting him he closed the car door and drove off.

On cross-examination Weigel claimed self-defense. But when pressed about his telephone conversation with Officer Bailey, Weigel admitted that he never told the officer that his wife had attacked him, and conceded that he never went down to see Bailey at the police station. Weigel related, however, that he spoke with his probation officer, who advised him to find out if there was a warrant for his arrest (there was not). Weigel explained that he saw no reason to give an account of events to the police because no charges had been filed, although an order of protection was later entered against him.

The district court concluded that Weigel had violated his supervised release by committing domestic battery. The judge stated that he was willing to disregard the probation memorandum prepared for the case because it was slightly inconsistent with either party's courtroom account. Based solely on the testimony, the court viewed the case as essentially one of "he said, she said," but ultimately disbelieved Weigel's story of self-defense because as a felon Weigel's credibility was suspect. In making this determination, however, the judge stated that he had considered Bernard's failure to disclose his version of events before the hearing:

> In this case we have a prime example of two individuals who are drinking way too much. A fifth of Mad Dog is enough to put anybody on their ear, and the testimony is uncontradicted they each had an equal amount, a fifth, and perhaps Miss Weigel had even more than that. So when I assess the credibility of the witnesses and I hear the testimony from Mr. Weigel that this was self defense, and then I hear the testimony from Mrs. Weigel that she was the victim and not the aggressor, I have to look upon my experience and decide who to believe. So I look at the testimony, and frankly, I have to look at Mr. Weigel's testimony with a jaundiced eye because he is a convicted felon. He has that status. Mrs. Weigel does not have that status. Then I look at the facts of the case and I wonder if his self defense claim is true, why didn't he call Officer Bailey, why didn't he meet with Officer Bailey, why didn't he go to the police department and make a report, why didn't he do something that would corroborate his claim that he was the victim and not the aggressor. The conclusion that one has to draw is because either he was too drunk that night and didn't want to get into further trouble, or he had not yet made up his story.

The court then revoked his probation and sentenced him to eleven months in prison.

On appeal Weigel argues that the district court erred in considering his silence as substantive evidence of guilt. Both parties agree that under this court's ruling in *United States ex rel. Savory v. Lane*, 832 F.2d 1011, 1017 (7th Cir.1987), a defendant's silence may not be used as substantive evidence of guilt. *See also Ouska v. Cahill–Masching*, 246 F.3d 1036, 1047–49 (7th Cir.2001). Both parties also agree, however, that Weigel's silence could permissibly be used to impeach his testimony. *Jenkins v. Anderson*, 447 U.S. 231, 238, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980). The parties disagree only over the proper characterization of the judge's comments.

We find the government's characterization of the comments as impeaching Weigel's testimony more compelling. The judge remarked on Weigel's failure to exculpate himself in the context of explaining why he did not find Weigel's version of events credible. *Cf. United States v. Mietus*, 237 F.3d 866, 871 (7th Cir.2001) ("In considering whether a prosecutorial statement violated a defendant's Fifth Amendment rights, the statement should be analyzed in context."). The judge prefaced his comment concerning Weigel's silence by saying, "Then I look at the facts of the case, and I wonder if his self defense claim is true, why didn't he call Officer Bailey, why didn't he...." It was immediately after this that he mentioned Weigel's silence, and we believe that the judge was continuing to evaluate Weigel's credibility rather than base a finding of guilt on his silence. We therefore conclude that there was no violation of Weigel's rights. *See Jenkins*, 447 U.S. at 238.

AFFIRMED.